IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR253 |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| TIMOTHY A. PEAVY, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 20) issued by Magistrate Judge F.A. Gossett recommending denial of the motion to suppress filed by the Defendant, Timothy A. Peavy (Filing No. 13). Peavy filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 24, 25) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Peavy is charged in a two-count Indictment with being a felon in possession of a firearm (Count I) and forfeiture of the firearm (Count II). He seeks an order suppressing evidence seized during a search of his residence and statements made subsequent to his arrest.

Following an evidentiary hearing, Magistrate Judge issued a Report and Recommendation in which he concluded: probable cause existed to support the issuance of the search warrant; even if probable cause was lacking, the *Leon* good faith exception applies; none of the exceptions to the good faith rule applies; and Peavy's custodial statements when he was in custody and while reviewing the search inventory receipt were volunteered and not subject to *Miranda*. For these reasons, Judge Gossett concluded that the motion to suppress should be denied.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

The transcript of the evidentiary hearing provides an account of the events surrounding the search of Peavy's residence and his and arrest**.**  The Court has considered the transcript (Filing No. 23).  The Court also carefully viewed the evidence (Filing No. 18).  Based on the Court's de novo review of the evidence and arguments, the Court adopts these factual findings in their entirety.

**FACTUAL BACKGROUND**

Briefly, the affidavit in support of the search warrant includes details provided by a known and reliable confidential informant.  As a result of the items found during the search, Peavy was arrested and transported to Central Police Headquarters, where he was first taken to the fourth floor prior to being taken to the booking area.  Officers took the cash on Peavy's person, and Officer Tracy Scherer asked Peavy if he worked.  (Tr. 17.)  Scherer then took Peavy to the booking area.  They went into an intoxilyzer room, described as smaller than the interview rooms.  In the room was a counter with an intoxilyzer, as well as a table and chairs.  Scherer was with Peavy in the room approximately fifteen minutes reviewing twelve search warrant inventory receipt sheets.  (Tr. 19-20.)  In presenting the receipt pages to Peavy, Scherer stated: "What I told him was this is the property that we

had taken out of his house and I was giving him a receipt for him to sign for - *so that he could acknowledge all of the property that we had taken out of his house.*" (Tr. 22 (emphasis added).) Scherer added that Peavy disputed the receipt reflecting that drugs were found in the house, stating that the drugs were not his. Scherer stated in response that "he wasn't signing saying that they were his drugs, that it was simply that we had taken it out of his house." (Tr. 22.) Scherer added that Peavy stated he would sign the receipt for the gun because the gun was his girlfriend's. In response, Scherer told him "he was signing for the property that had come out of his house." (Tr. 23.) When Peavy refused to sign a form, Scherer told him that they were done and he would be booked. (Tr. 22.) During the fifteen minutes, Peavy made inculpatory statements.

The receipt shows that Peavy signed all but one page of the receipt. Each page bearing his signature shows the signature in an area marked "Copy received by (Signature)." (Ex. 1.)

## ANALYSIS

### *Probable Cause*

Peavy did not object to the conclusion that the search warrant affidavit included sufficient probable cause, and that even absent probable cause the *Leon* good faith rule would apply. The Court agrees with Judge Gossett's conclusion, and this portion of the Report and Recommendation will be adopted.

### *Statements*

The Defendant objects to the portion of Judge Gossett's Report and Recommendation in which he concluded that Peavy's statements were volunteered, neither being in response to questions asked or the product of interrogation.

"Interrogation" has been defined as "any words or actions on the part of police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis,* 446 U.S. 291, 301 (1980). Federal and state law require that a copy of the receipt for the property be given to the person from whom the property was taken, together with a copy of the search warrant. Neither law requires that the receipt be reviewed with the individual or that a signature be obtained. Fed. R. Crim. P. 41(f)(3); Neb. Rev. Stat. § 29-815 (2006).

The evidence shows that Officer Scherer's acts went beyond those "normally attendant to arrest and custody" inasmuch as reviewing each page of the receipt and requiring Peavy's signature was not required. Moreover, the review of twelve pages was carried out while Peavy was in custody, as conceded by the government, in a room smaller than a usual interview room over a fifteen minute period. During the review, Scherer made statements that were "reasonably likely to elicit an incriminating response" and that were inaccurate. Even if a signature had been required, the receipt pages show that a signature would merely indicate that Peavy was given a copy of the receipt, not that he was "acknowledging "the property was taken from his house.

For these reasons, the Court concludes that the Magistrate Judge's Report and Recommendation should be overruled with respect to the statements made subsequent to Peavy's arrest while at police headquarters.

## CONCLUSION

For the reasons discussed, the Court finds that the motion should be granted in part and denied in part.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 20) is adopted in part and overruled in part as follows:

    a. The Report and Recommendation is adopted with respect to the issue of probable cause;

    b. The Report and Recommendation is overruled with respect to the issue of the Defendant's statements made subsequent to his arrest;

b. The Statement of Objections to the Report and Recommendation (Filing No. 24) is granted;

3. The Defendant's Motion to Suppress (Filing No. 13) is granted in part and denied in part, as follows:

    a. The motion is denied with respect to the issue of probable cause; and

    b. The motion is granted with respect to the issue of statements, and the Defendant's statements made after his arrest and while at police headquarters are suppressed.

DATED this 20th day of November, 2006.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge